PILLSBURY WINTHROP SHAW PITTMAN LLP
PAULA M. WEBER (#121144)
paula.weber@pillsburylaw.com
ALEKZANDIR MORTON (#319241)
alekzandir.morton@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:	415.983.1000
Facsimile:	415.983.1200

Attorneys for Defendant
ACUSHNET COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA GARCIA and MATILDE CABRERA, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>ACUSHNET COMPANY; and Does 1 to 100, inclusive,<br><br>                    Defendants. | Case No.  **'21CV1581 BEN LL**<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1332(D) (DIVERSITY JURISDICTION – CAFA)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that sole named Defendant ACUSHNET COMPANY ("Acushnet" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of San Diego (the "State Court Action"), in which the action is currently pending, to the United States District Court for the Southern District of California on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1332(d).  In support of this Notice, Defendant avers as follows:

THE REMOVED CASE

1.      On July 7, 2021, Plaintiffs Blanca Garcia and Matilde Cabrera, on behalf of

1 themselves and others similarly situated (collectively "Plaintiffs"), commenced this civil action against Acushnet in San Diego County Superior Court, captioned *Blanca Garcia, et al. v. Acushnet Company, et al.*, Case No. 37-2021-00029094-CU-OE-CTL, by filing a complaint (the "Complaint").  The Complaint alleges the following eight causes of action on behalf of Plaintiffs and a putative class of hourly non-exempt employees:  (1) Failure to Pay Wages for All Hours Worked at Minimum Wage in Violation of Labor Code Section 1194 and 1197; (2) Failure to Pay Overtime Wages for Daily Overtime Worked in Violation of Labor Code Section 510 and 1194; (3) Failure to Authorize or Permit Meal Periods in Violation of Labor Code Sections 512 and 226.7; (4) Failure to Authorize or Permit Rest Periods in Violation of Labor Code Section 226.7; (5) Failure to Timely Pay Earned Wages During Employment in Violation of Labor Code Section 204; (6) Failure to Provide Complete and Accurate Wage Statements in Violation of Labor Code Section 226; (7) Failure to Timely Pay All Earned Wages and Final Paychecks Due at Time of Separation of Employment in Violation of Labor Code Sections 201, 202, and 203; and (8) Unfair Business Practices, in Violation of Business and Professions Code Section 17200, *et seq*.  A true and correct copy of the Complaint, along with the Summons and proof of service of the Summons, is attached hereto as **Exhibit A**.

2. Acushnet was served with a copy of the Complaint and Summons on August 9, 2021.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Answer filed by Acushnet on September 3, 2021.

4. The docket in the State Court Action does not indicate that there has been service of process upon any "Does," which are fictitious defendants and therefore disregarded for purposes of this removal.  28 U.S.C. § 1446(b).

## THE REMOVAL IS TIMELY

5. This notice of removal is filed within 30 days of receipt of the Complaint and is therefore timely under 28 U.S.C. § 1446(b).

## VENUE IS PROPER IN THIS COURT

6. Venue of this removed action is proper under 28 U.S.C. § 1441(a) because this

1 | Court is the United States District Court for the district and division corresponding to the place
2 | where the State Court Action was commenced.

THIS COURT HAS REMOVAL JURISDICTION PURSUANT TO THE

CLASS ACTION FAIRNESS ACT (28 U.S.C. § 1332(d))

7.  This Court has subject matter jurisdiction over Plaintiffs' claims under the Class Action Fairness Act ("CAFA"). Jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). In addition, CAFA jurisdiction requires that the number of members of all proposed plaintiff classes in the aggregate is at least 100. 28 U.S.C. § 1332(d)(5)(A).

8.  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brough by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs specifically allege their Complaint to be a "Class Action" (Ex. A, p. 1 (caption)), and Plaintiffs seek relief pursuant to Code Civ. Proc. § 382 (Ex. A, p. 34 (First Prayer for Relief)). Actions seeking class treatment under such provisions are "class actions" for purposes of CAFA. *See, e.g., Diaz v. A&R Logistics, Inc.*, 2015 U.S. Dist. LEXIS 73540, at *3 (S.D. Cal. 2015) ("[T]here is no dispute the present action is a 'class action' within CAFA, as the action contains class allegations under California Code of Civil Procedure § 382.").

9.  Plaintiffs allege that more than two-thirds of the putative class members are California citizens. (Ex. A, ¶ 2.) Plaintiffs also allege that they are residents of California (Ex., ¶ 3); upon information and belief, Plaintiffs are citizens of California. Defendant is a Delaware corporation with its principal place of business in Massachusetts. Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d). In addition, the local controversy exception (28 U.S.C. § 1332(d)(4)) does not apply because no defendant is a citizen of the State in which the action was originally filed.

10. Plaintiffs allege that they represent and bring such action on behalf of a class

consisting of "current, former, and/or future employees of Defendants who work as hourly non-exempt employees." (Ex. A, ¶ 3.) Acushnet has approximately 163 hourly, non-exempt employees at any given time employed in its facilities in California. (Declaration of Evelyn Miles ("Miles Decl."), ¶ 3.) In addition, there have been approximately 80 hourly, non-exempt employees in California whose employment has been terminated in the past three years. (Miles Decl., ¶ 3.) Thus, the putative class exceeds 100 members.

11. Finally, in order for original jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In its notice of removal, Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Only if "plaintiff contests, or the court questions, the defendant's allegations" must Defendant proffer evidence to show that the jurisdictional minimum is satisfied. *Id*; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924-25.

12. While Defendant denies Plaintiffs' allegations and denies that Plaintiffs are entitled to damages, Plaintiffs' allegations result in an amount in controversy that exceed the jurisdictional minimum. Plaintiffs' allegations include but are not limited to the following purported damages:

    a. Plaintiffs allege (and Defendant denies) a failure by Defendant to provide compliant meal periods pursuant to Labor Code sections 226.7, 512. (Ex. A, ¶¶ 71-79.) Plaintiffs allege that the Meal Period Class was required "to travel to and from a designated area while they were off the clock during their meal periods, resulting in meal periods that were not duty-free and/or less than thirty (30) minutes." (Ex. A, ¶ 74.) Plaintiffs' allegations—while denied by Defendant—suggest a 100% non-compliance rate by Defendant due to the placement of the "designated area." Pursuant to Labor Code section 226.7, Plaintiffs allege that the putative class members are entitled to premium pay for each non-compliant meal period. The

|   |   |
|---|---|
| 1 | average hourly rate for hourly, non-exempt employees in California as of |
| 2 | April 2021 is $20.56.  (Miles Decl., ¶ 4.)  The number of work weeks per |
| 3 | employee (assuming the maximum amount of time off) from July 7, 2018 |
| 4 | to the present is approximately 120.  (Miles Decl., ¶ 5.)  Thus, Plaintiffs |
| 5 | have alleged (and Defendant denies) that each putative class member |
| 6 | would at least be entitled to premium pay for five non-complaint meal |
| 7 | periods during each week worked in the relevant time period. |

      b.    Plaintiffs allege (and Defendant denies) a failure by Defendant to provide compliant rest periods pursuant to Labor Code sections 226.7.  (Ex. A, ¶¶ 80-88.)  Plaintiffs allege that the Meal Period Class was required "to travel to and from a designated break area during their rest periods, resulting in rest periods that were not duty-free and/or less than ten (10) minutes."  (Ex. A, ¶ 74.)  Plaintiffs' allegations—while denied by Defendant— suggest a 100% non-compliance rate by Defendant due to the placement of the "designated break area."  Pursuant to Labor Code section 226.7, Plaintiffs allege that the putative class members are entitled to premium pay for each non-compliant rest period.  Thus, Plaintiffs have alleged (and Defendant denies) that each putative class member would at least be entitled to premium pay for five non-complaint rest periods during each week worked in the relevant time period.

      c.    Plaintiffs allege (and Defendant denies) a failure to pay wages for all hours worked and a failure to pay overtime wages.  (Ex. A, ¶¶ 50-70.)  For example, Plaintiffs allege that the Overtime Class and Regular Rate class were required by Defendant "to travel for up to three (3) to five (5) minutes every day from the moment they entered the premises of the Defendants to the point of clocking in for their shifts and were required to repeat the procedure when clocking out for their shifts and exiting the premises" resulting in up to ten minutes of unpaid time each day.  (Ex. A,

¶¶54, 64.) Plaintiffs' allegations—while denied by Defendant—suggest a 100% rate for putative class members due to the placement of where employees clock-in. Assuming it takes an average of 3 minutes each way (the minimum amount of time alleged by Plaintiffs), this suggests a minimum of a 30-minute deficiency each week. The number of work weeks per employee (assuming the maximum amount of time off) from July 7, 2017 to the present is approximately 163. (Miles Decl., ¶ 5.) Thus, Plaintiffs have alleged (and Defendant denies) that each putative class member would at least be entitled to 30 minutes of unpaid wages during each week worked in the relevant time period.

d. Plaintiffs allege (and Defendant denies) that Defendant failed to timely pay the Pay Day Class in violation of Labor Code section 204, resulting in penalties under Labor Code section 210. (Ex. A, ¶¶ 89-95.) Thus, Plaintiffs have alleged (and Defendant denies) that each of the putative class members is entitled to penalties under Labor Code section 210 for each pay period during the relevant time period.

e. Plaintiffs allege (and Defendant denies) that Defendant failed to provide complete and accurate wage statements to the Wage Statement Class in violation of Labor Code section 226 and resulting in penalties thereunder. (Ex. A, ¶¶ 96-105.) Thus, Plaintiffs have alleged (and Defendant denies) that each of the putative class members is entitled to penalties under Labor Code section 226 for each pay period during the relevant time period.

f. Plaintiffs allege (and Defendant denies) that Defendant failed to pay the Waiting Time Class in accordance with Labor Code section 201 or 202, entitled them to damages under Labor Code section 203. (Ex. A, ¶¶ 106-115.) Thus, Plaintiffs have alleged (and Defendant denies) that each of the approximately 80 putative class members who are former employees are entitled to 30-days of pay as a waiting time penalty.

g.  Plaintiffs allege (and Defendant denies) an entitlement to attorneys' fees pursuant to Labor Code section 218.5, 226(e), and 1194. (Ex. A, ¶ 1.) The Ninth Circuit, and District Courts therein, regularly add 25% to the amount in controversy for attorneys' fees for determining jurisdiction under CAFA. (*See, e.g., Brown v. Janus of Santa Cruz*, 2021 WL 3413349, at *7 (N.D. Cal., Aug. 5, 2021). Thus, Plaintiffs have alleged (and Defendant denies) at least an additional 25% of damages as attorneys' fees.

13. Accordingly, Plaintiffs have alleged (and Defendant denies) an amount in controversy that well-exceeds $5 million. For this reason, the jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

14. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter.

WHEREFORE, Acushnet Company hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Diego and requests that further proceedings be conducted in this Court as provided by law.

DATED: September 8, 2021                    PILLSBURY WINTHROP SHAW PITTMAN LLP


By:  /s/ Paula M. Weber
     PAULA M. WEBER
     ALEKZANDIR MORTON
     Attorneys for Defendant
     ACUSHNET COMPANY